UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAMES EVERETT SHELTON, individually
and on behalf of a class of all persons and
entities similarly situated,

      Plaintiff,

vs.                                                                                                       Case No.

RPA ENERGY INC.

      Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff James Everett Shelton brings this action under the TCPA alleging that Defendant RPA Energy Inc., or a vendor on their behalf, sent him pre-recorded telemarketing calls for purposes of promoting their goods and services without his prior express written consent.

3.       Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.       A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5.       Plaintiff James Everett Shelton resides in Pennsylvania.

6.       Defendant RPA Energy Inc. is a Delaware corporation with its principal place of business in this District. RPA Energy Inc.'s registered agent for service of process is: Incorp Services, Inc., One Commerce Plaza, 90 Washington Ave., Suite 805A, Albany, New York 12210-2822.

**Jurisdiction & Venue**

7.       The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.       Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the automated calls to the Plaintiff Shelton—occurred from this District.

**Statutory Background**

THE TCPA

9.       In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

11. These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

THE GROWING PROBLEM OF AUTOMATED TELEMARKETING

12. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

13. By 2003, telemarketers were calling 104 million Americans every day, abetted by the proliferation of new and more powerful autodialing technology. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

14. Unfortunately, the problems Congress identified when it enacted the TCPA have only grown worse in recent years.

15. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

16.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

## Factual Allegations

17.     Plaintiff Shelton is a "person" as defined by 47 U.S.C. § 153(39).

18.     RPA Energy is in the energy marketing business.

19.     To generate new customers, RPA Energy relies on telemarketing.

20.     The telemarketing that RPA Energy engages in, itself or through a vendor, includes the use of pre-recorded messages.

21.     Mr. Shelton's number, 484-626-XXXX, is assigned to a cellular telephone service.

22.     On June 23, 2020, RPA Energy, or a vendor on its behalf, called Mr. Shelton on his number 484-626-XXXX.

23.     The call began with a pre-recorded message:

> Congratulations! Since you're paying your electric bills on time from last six months, now you're qualified to get 30% discount on your electric bill. Please press 1 to get your new discounted rate.

24.     The caller was not identified at the outset of the call.

25.     The Caller ID for the call was 484-626-7522.

26.     This is a non-working number.

27.     The Defendant, or the vendor it was working with, used a "spoofed" number to hide its identity.

28.     To learn the identity of the company calling him, Mr. Shelton engaged the telemarketer and learned their identity.

29. During a follow up call to this call, Mr. Shelton was provided a call-back number of 1-800-685-0960.

30. That is the telephone number for the defendant.

31. Mr. Shelton further confirmed the identity of the defendant when he was sent correspondence by them because of the call.

32. Mr. Shelton and others who received these calls were temporarily deprived of legitimate use of their phones and their privacy was invaded.

## Class Action Allegations

33. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

34. The proposed class are tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using the same or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

35. The Plaintiff is a member of the class.

36. Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

37. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

38. Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

39. There are questions of law and fact common to Plaintiff and the proposed class, including:

5

      a.    Whether the Defendant used a pre-recorded message to send telemarketing calls;

      b.    Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

      c.    Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

      d.    Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

40. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

41. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class and he is represented by counsel skilled and experienced in litigating TCPA class actions.

42. The Defendant's actions are applicable to the class and to Plaintiff.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

44. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting pre-recorded calls to cell phones

45.     The Defendant violated the TCPA by initiating a pre-recorded call to Plaintiff's telephone number assigned to a cellular telephone service without prior express written consent.

46.     The Defendant's violations were willful or knowing.

47.     The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using pre-recorded messages to call individuals, absent an emergency circumstance.

.

### Relief Sought

Plaintiff requests the following relief:

A.     That the Court certify the proposed class;

B.     That the Court appoint Plaintiff as class representative;

E.     That the Court appoint the undersigned counsel as counsel for the class;

F.     That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H.     That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

7

Dated: July 7, 2020

        Plaintiff's Counsel,

        By: */s/ Anthony I. Paronich*
            Anthony Paronich
            PARONICH LAW, P.C.
            350 Lincoln Street, Suite 2400
            Hingham, MA 02043
            Telephone:  (617) 485-0018
            Facsimile:   (508) 318-8100
            Email: anthony@paronichlaw.com